UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 13 CR 312 |
| v. | Hon. Matthew F. Kennelly, |
| EDWARD J. NOVAK, | Acting Chief Judge |
| ROY M. PAYAWAL, | |
| PERCY CONRAD MAY, JR., | |
| SUBIR MAITRA, and | |
| SHANIN MOSHIRI | |

GOVERNMENT'S MOTION FOR A TWENTY-EIGHT DAY
EXTENSION OF TIME IN WHICH TO RETURN INDICTMENT

The UNITED STATES OF AMERICA, by its attorney, GARY S. SHAPIRO,

United States Attorney for the Northern District of Illinois, respectfully moves this

Court for a twenty-eight day extension of time, until and including Friday, October 25,

2013, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8), in which to return an

indictment in this case. In support of this motion, the government states as follows:

### *Procedural History*

1.      On April 15, 2013, the government filed under seal a criminal complaint

against defendants Edward J. Novak, Roy M. Payawal, Percy Conrad May, Jr., Subir

Maitra, and Shanin Moshiri,[1] alleging that, from no later than March 2012 through in

or around March 2013, the defendants conspired to knowingly and willfully offer and

pay, and solicit and receive, remunerations directly and indirectly, overtly and covertly,

in return for the referral of patients for the furnishing and arranging for the furnishing

---

[1] The criminal complaint also charged defendant Venkateswara R. Kuchipudi.

of any item and service for which payment may be made in whole or in part under a Federal health care program, in violation of Title 42, United States Code, Section 1320a-7b(b), all in violation of Title 18, United States Code, Section 371.

2.      In addition to its criminal complaint, the government sought and obtained a total of four warrants to search Sacred Heart Hospital[2] and its administrative and record storage facilities, including the hospital, an administrative annex and a record storage building, for evidence and instrumentalities relating to the kickback conspiracy charged in the criminal complaint.  The warrants also authorized the search of these buildings for evidence and instrumentalities relating to violations of the federal health care fraud statute (18 U.S.C. § 1347) through schemes to defraud Medicare and Medicaid by billing those federal health care benefit programs for services for which payment is not authorized, because: (A) the patient services rendered were not medically necessary, and/or (B) the patients to whom the services were provided were referred to the treating provider in return for the payment of an unlawful kickback.[3]

3.      All of the defendants were arrested and each appeared for an initial appearance before the Magistrate Judge on April 16, 2013.  The defendants subsequently appeared for detention hearings pursuant to which each defendant was released, subject to a secured bond.  All of the defendants waived their right to a

---

[2]   As explained in the affidavit offered in support of the criminal complaint and applications for search warrants, Sacred Heart Hospital, which is incorporated as West Side Community Hospital, Inc., is a 119-bed short-term, acute care hospital located at 3240 West Franklin Boulevard in Chicago, Illinois.

[3]   The government also obtained warrants to seize funds which constitute proceeds derived from the kickback conspiracy.

preliminary hearing. Also, on April 16, 2013, law enforcement agents executed the aforementioned search warrants.

4.     Under the terms of the Speedy Trial Act, 18 U.S.C. § 3161(b), the government was initially required to return an indictment against the defendants by May 15, 2013. However, on May 9, 2013, the government filed an agreed motion seeking a ninety-day extension of time in which to obtain an indictment, which was granted by Chief Judge Holderman. On August 7, 2013, the government sought an additional extension of time under the provisions of the Speedy Trial Act, *see* 18 U.S.C. § 3161(B), which the Court granted, ordering the government to return an indictment in this matter on or before September 27, 2013. As explained herein, the government is requesting an additional extension of twenty-eight days under the provisions of the Speedy Trial Act, *see* 18 U.S.C. § 3161(B), to investigate further the criminal conduct alleged in the criminal complaint.

### *Factual Background Underlying the Government's Charges*

5.     As alleged in the affidavit offered in support of the government's criminal complaint and applications for search warrants, the defendants, who are administrators and physicians at Sacred Heart, and others, both known and unknown, conspired to violate the federal anti-kickback statute. In particular, Sacred Heart administrators implemented a scheme to offer and pay kickbacks to physicians in return for the referral of patients insured by Medicare and Medicaid. Sacred Heart's administrators sought to conceal these patient referral payments through various means, including: masking the payments as fictitious rental payments (*i.e.*, having the

3

hospital "sub-lease" space from physicians without utilizing that space); providing physicians with ghost contracts (*e.g.*, medical directorships without responsibilities); creating alternative insurance billing arrangements (*e.g.*, billing a physician's professional services under a different physician's provider number); and arranging for physicians to participate in paid medical training programs (*i.e.*, purportedly supervising and instructing medical residents and students).

6.     As alleged in the complaint affidavit, defendant Edward Novak, who owns and served as the chief executive officer of Sacred Heart, authorized and directed Sacred Heart's payment of these unlawful kickbacks.  Defendant Roy Payawal, who served as the Executive Vice President of Finance and Chief Financial Officer of Sacred Heart, assisted Novak and other Sacred Heart administrators in the implementation and execution of the scheme to pay the kickbacks.  Defendants Percy Conrad May, Jr., Subir Maitra, and Shanin Moshiri are physicians who solicited and received concealed kickbacks from Sacred Heart in return for patient referrals.

7.     In addition to the named defendants, the affidavit alleged that a number of additional Sacred Heart administrators, physicians, and employees, including the government's cooperating sources, were involved in the implementation of the kickback conspiracy.[4]

---

[4] In addition to the charged kickback conspiracy, the affidavit further alleged related criminal schemes; namely, that certain Sacred Heart administrators and physicians were engaged in schemes to defraud Medicare and Medicaid by seeking reimbursement for medically unnecessary emergency care evaluation, testing and observation as well as the unnecessary sedation, intubation, and subsequent performance of tracheotomy procedures on patients.

4

*Reasons for Government's Request for an Extension*

8.     Prior to April 16, 2013, the government's investigation of Sacred Heart's administrators and physicians was covert and therefore reliant on cooperating source information.  Since the time of the defendants' arrest, law enforcement has been able to pursue numerous investigative leads that were unavailable given the need to maintain the secrecy of the government's investigation.  Accordingly, since April 16, 2013, investigating agents have interviewed scores of additional current and former administrators, employees, physicians and other individuals associated with Sacred Heart.  The government has also interviewed former Sacred Heart patients and their families regarding the treatment those patients received at Sacred Heart and from physicians associated with the hospital.  Investigating agents continue to interview these numerous additional witnesses.

9.     As a result of the search warrants referenced above, investigating agents seized approximately four hundred boxes of documents and imaged seven computer hard drives, a server, and other computer media storage devices.  The electronic media alone contained well in excess of 5 million individual products, including at least a half million electronic mail messages.  Investigating agents are in the process of reviewing the significant volume of material seized as a result of these searches.

10.     Following the April 16, 2013 public disclosure of its investigation, government investigators have served over seventy-five administrative subpoenas duces tecum requesting documents that law enforcement could not previously serve without disclosing its covert investigation.  Investigating agents are also in the process

5

of reviewing the significant amount of information obtained in response to those requests.

11.     The government seeks this extension, in part, to provide investigating agents additional time to review the aforementioned voluminous records and to pursue investigative leads.

12.     Moreover, the government has recently met with counsel for certain defendants who have requested that the government further inquire into certain factual subject matters identified by the defendants before seeking a return of the indictment from the grand jury, which the government has agreed to do.  The investigation of those subjects has and will require additional time.

13.     As previously noted, the Speedy Trial Act generally requires than an indictment be filed within 30 days of the date of a defendant's arrest.  *See* 18 U.S.C. § 3161(b).  However, the Speedy Trial Act permits a Court to enlarge this 30 day time period if it finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  Among the factors identified by Congress as relevant to this determination are the following:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

18 U.S.C. § 3161(h)(8)(B)(iii); and

6

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

14.     The government submits that another continuance is warranted in this case pursuant to these provisions. This is an exceedingly complex healthcare fraud case. The proposed extension will provide the government the time necessary to review and analyze a significant volume of recently-obtained information. As previously noted, the search of Sacred Heart and its administrative buildings resulted in the seizure of hundreds of boxes of documents, including complicated financial records, patient medical files, insurance claims information, corporate administration records, administrative files, contractual agreements, and personnel files. The dozens of additional boxes and well over hundred disks of materials that the government has received in response to its administrative subpoenas contain similarly detailed, complex data that must be analyzed. Moreover, the review of the exceedingly voluminous electronic data seized in the search of Sacred Heart requires a significant amount of time.

15.     The government submits that the additional time sought by this motion will provide the necessary time to review these materials and perform necessary interviews of a still significant number of witnesses. The extension will further provide

the government the necessary time to inquire into additional subject matters that defense counsel has asked the government to investigate before seeking an indictment.

16.     The government submits that, in light of these factors, the ends of justice served by an extension outweigh those interests served by a speedy trial.  Accordingly the government requests an extension of twenty-eight days past the current September 27, 2013 deadline, namely, until Friday, October 25, 2013.

17.     Counsel for defendants Novak, Payawal, May, and Moshiri have stated that they have no objection to this motion.  Counsel for defendant Maitra has indicated that Maitra cannot agree to the government's request.

### *Conclusion*

For all the forgoing reasons, the government respectfully requests that the Court grant this request for an extension of time in which to seek an indictment in this case.

Respectfully submitted,

GARY S. SHAPIRO
United States Attorney


        s/ Joel M. Hammerman
By:     JOEL M. HAMMERMAN
        RYAN S. HEDGES
        TERRA REYNOLDS
        Assistant United States Attorneys
        219 S. Dearborn Street, 5th Floor
        Chicago, Illinois  60604
        (312) 353-8881

Dated:  September 19, 2013